**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JORGE CASTRO,

    Defendant-Appellant.

No. 04-2249

(D.C. Nos. CIV 03-1291 MV/KBM and
CR-02-544 MV)
(D.N.M.)

---

**ORDER**

---

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

---

Defendant Jorge Castro, appearing pro se, seeks a certificate of appealability

(COA) in order to challenge the district court's denial of his motion to vacate, set aside,

or correct his sentence pursuant to 28 U.S.C. § 2255. Because Castro has failed to make

"a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we

deny his request and dismiss the appeal.

On June 27, 2002, Castro pled guilty to conspiring to deliver 100 grams or more of

a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B), and 846. On October 11, 2002, the district court sentenced

Castro to sixty months' imprisonment, the statutory mandatory minimum sentence

applicable to Castro's conviction. In doing so, the district court concluded that Castro did

not qualify for the "safety valve" provision of the United States Sentencing Guidelines, U.S.S.G. § 5C1.2.

On November 10, 2003, Castro filed his § 2255 motion, arguing that his trial counsel was ineffective for failing to conduct discovery that would have established Castro's entitlement to a reduction of sentence under § 5C1.2. The magistrate judge recommended that Castro's § 2255 motion be denied. In doing so, the magistrate judge noted that Castro had "point[ed] to no evidence that would [have] entitle[d] him to the reduction and merely reiterate[d] the same kind of evidence that" the district court "considered" at the time of sentencing. Accordingly, the magistrate judge concluded that Castro had failed "to establish either deficient conduct or prejudice under Strickland v. Washington, 466 U.S. 688 (1984)." After considering Castro's objections, the district court adopted the magistrate judge's recommendation and dismissed Castro's § 2255 motion with prejudice.

To be entitled to COA, Castro must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Castro must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotations omitted). After reviewing Castro's appellate pleadings and considering the legal framework applicable to his ineffective

assistance claim, we conclude Castro has failed to establish his entitlement to a COA. In particular, Castro has not challenged the magistrate judge's conclusion that he failed to point to evidence that was not considered by the district court at the time of sentencing and that would have helped establish his entitlement to the safety valve provision. Thus, we find no basis for concluding that Castro's ineffective assistance claim should have been resolved in a different manner.

Accordingly, the request for a COA is DENIED and the appeal is DISMISSED. Appellant's motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge